**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4704
_____

KENNETH E. THORNTON,
Appellant

v.

KATHRYN M. HENS-GRECO,
Individually, and in her official capacity as Judge in
Pennsylvania Court of Common Pleas;
ROBERT J. MASTERS; NICOLE DICCICCIO; and
BEAVER COUNTY CYF,
in their individual and official capacities under CPS Agency
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-01469)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2015
Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Opinion filed October 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kenneth E. Thornton, proceeding pro se and in forma pauperis, appeals from the order of the United States District Court for the Western District of Pennsylvania dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In October 2014, Thornton filed in the District Court a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985, which he later amended. His claims arose from his dissatisfaction with several orders that had been issued by the Family Division of the Court of Common Pleas of Allegheny County. Thornton alleged that the Defendants, including the Honorable Katherine Hens-Greco, the judge who presided over his child custody case in the Family Division, conspired to have him falsely accused of child abuse in order to prevent him from seeing his son.[1]

The District Court dismissed Thornton's amended complaint upon screening it under § 1915(e)(2)(B),[2] determining that his claims were either jurisdictionally barred,

---

[1] Thornton also named as defendants the Allegheny County Family Division; Nicole Dicciccio and Robert Masters of the Beaver County, Pennsylvania, Children and Youth Services Agency (CYA); and the CYA itself.

[2] A court is required to dismiss an in forma pauperis action if it determines that it, inter alia, fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The legal standard for dismissal under that provision is the same as that for dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, the facts as plead must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

barred by the doctrines of judicial and sovereign immunity, or had been filed beyond the statute of limitations. After the District Court entered its decision, Thornton filed another amended complaint, which the District Court construed as a timely motion for reconsideration or to amend the judgment. Thornton repeated his earlier allegations in that filing but added several additional Defendants.[3] The District Court denied Thornton's motion for reconsideration. In doing so, the Court dismissed his claims against the new Defendants as time-barred. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291.[4] We review the District Court's decision to dismiss Thornton's complaint de novo, see Allah, 229 F.3d at 223, and its decision to deny reconsideration for abuse of discretion, see Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (citation omitted).

The District Court correctly dismissed the claims against Judge Hens-Greco in her individual capacity because she is absolutely immune from liability for her judicial acts, and, despite his arguments to the contrary, Thornton has failed to persuasively suggest

---

[3] The motion for reconsideration added as Defendants the "Beaver County CYF"; Kreinbrook Psychological Services; Dennis Kreinbrook; Dr. Lela Somen; Dr. Kerry Reed; Sharon D. Buckley; Leonard Venturini, Head Pharmacist for The Medicine Shoppe; and The Medicine Shoppe.

[4] The District Court dismissed Thornton's claims against Judge Hens-Greco and the Family Division without prejudice. Under certain circumstances, we will exercise jurisdiction over such dismissals. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Here, the claims were dismissed for reasons such as absolute immunity and lack of jurisdiction, which were not correctable in the District Court. Moreover, Thornton's filings on appeal indicate his intent to stand on his complaint. We therefore have the authority to review the dismissed claims.

3

that Judge Hens-Greco acted outside of her jurisdiction.  See Mireles v. Waco, 502 U.S.

9, 11 (1991) (per curiam); Briscoe v. LaHue, 460 U.S. 325, 334 (1983) ("We have held

that state judges are absolutely immune from liability for their judicial acts. . . .").

Additionally, as the District Court explained, the state courts and its employees

and judges in their official capacities are entitled to immunity under the Eleventh

Amendment because they are part of the judicial branch of the Commonwealth of

Pennsylvania.  See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir.

2005) (holding that Pennsylvania's state court system is entitled to Eleventh Amendment

immunity).  Accordingly, the District Court also properly held that both Judge Hens-

Greco (in her official capacity) and the Family Division are entitled to Eleventh

Amendment immunity.

The District Court also properly dismissed Thornton's claims regarding the child

custody orders that were issued by Judge Hens-Greco.  To the extent, if any, that

Thornton was attempting to "appeal" Judge Hens-Greco's decisions in federal court, he

may not do so.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983);

Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).  To the extent that Thornton

claimed his rights were violated *by* or *during* the state-court litigation and were thus not

barred by Rooker-Feldman, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP,

615 F.3d 159, 161 (3d Cir. 2010), those claims are meritless.  Thornton's amended

complaint consisted largely of allegations that the mother of his child manipulated family

court proceedings and child psychiatric services to gain access to prescription drugs.  The

4

facts that he alleged against Judge Hens-Greco arose from purported scheduling errors in family court proceedings, his perception of Judge Hens-Greco's mannerisms during trial, and his disagreement with Judge Hens-Greco's decisions. Nothing in these allegations suggests a viable civil rights claim. See Iqbal, 556 U.S. at 678. Thornton's claims seeking enforcement of Judge Hens-Greco's orders with respect to other Defendants were also properly dismissed because Thornton's avenue for relief in those matters lies in the Allegheny County Family Division, not the District Court.

The District Court also correctly dismissed the remainder of Thornton's claims as time-barred.[5] The statutes of limitations for bringing a civil rights suit under §§ 1983 and 1985 are the same as the state statute of limitations for bringing a personal injury action. See Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 859 (3d Cir. 2014); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). In Pennsylvania, that period is two years. Kost, 1 F.3d 176 at 190; see 42 Pa. Con. Stat. § 5524. The statute begins to run from the date the plaintiff became aware, or should have been aware, that his constitutional rights were violated. Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). According to his pleadings, Thornton sought relief based on events which occurred no later than August 2012, but he did not file this action

---

[5] Although the running of the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii). See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459-60 (3d Cir. 2013) (ruling

5

in the District Court until October 2014, which is outside of the two-year period. Although Thornton argues on appeal that he did not become aware that his civil rights had been violated until August 2014, he provides no support whatsoever for this assertion. Thornton's claim that he was unaware of his son's emotional and psychological issues until August 2013 does not appear to be relevant to any of the claims he actually asserted.

To the extent that Thornton challenges the decision to deny reconsideration, we perceive no error on the part of the District Court because Thornton did not present a basis for doing so. See Max's Seafood Café by Lou-Ann, Inc., 176 F.3d at 677. The District Court also appropriately declined to grant Thornton further leave to amend given that he had previously amended his complaint but still failed to state a viable claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the judgment of the District Court.

---

that a dismissal for failure to state a claim based on an affirmative defense that is clear on the face of a complaint can constitute a strike under 28 U.S.C. § 1915(g)).